NEWTON (SCHUYLER STEAM TOW BOAT LINE v.). See Case No. 12,496.

NEWTON (THOMAS v.). See Case No. 13,905.

---

## Case No. 10,193.

NEWTON v. WEAVER et al.

[2 Cranch, C. C. 685.] [1]

Circuit Court, District of Columbia. May Term, 1826.

PRACTICE AT LAW — JOINT ACTION — AMENDMENT OF DECLARATION AFTER JUDGMENT AGAINST ONE DEFENDANT—SERVICE OF PROCESS.

In a joint action against two defendants, if one only be taken on the first writ, and the other be taken on a subsequent writ, and the plaintiff, not knowing that this other had been taken, alters his declaration by stating that he had not been taken, and proceeds to judgment against the defendant first taken; the court will, at a subsequent term, permit the judgment to be set aside and the declaration to be restored to its original form, and the cause to proceed as a joint action against both.

This was originally a joint action against Weaver and Burdick. Burdick was first taken, and the writ returned non est as to Weaver; but the latter was taken on the second or third writ before May, 1825.

At the last term, namely, December term, 1825, Mr. Wallach, for plaintiff, supposing that Weaver had not at that time been taken, altered his declaration by inserting that fact, and by declaring against Burdick alone, who thereupon confessed judgment.

Mr. Wallach, now, upon motion, was per-

mited by THE COURT (CRANCH, Chief Judge, contrà) to restore his declaration to its original form, as a declaration against both defendants, and ordered the judgment to be set aside and the cause brought back to this term and consolidated with this, against Weaver.

CRANCH, Chief Judge, .thought that the court ought not now to permit any alteration of the record of the last term for the purpose of making the judgment erroneous, merely because the counsel of the party was so negligent as erroneously to state a fact upon the record, the truth of which he had the means, by ordinary attention, of ascertaining. The judgment was correct according to the record.